UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUCHIN, | ) | CIVIL ACTION NO. |
| 1737 Andrews | ) | |
| CLEVELAND HEIGHTS, OHIO 44121, | ) | |
| | ) | COMPLAINT |
| and | ) | |
| | ) | |
| MICHAEL LEVIN, | ) | |
| 1737 Andrews | ) | |
| CLEVELAND HEIGHTS, OHIO 44121, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JURY DEMAND |
| VS. | ) | ENDORSED HEREON |
| | ) | |
| CITY OF BEACHWOOD | ) | |
| c/o HOPE JONES, LAW DIRECTOR | ) | |
| 25325 Fairmount Blvd. | ) | |
| BEACHWOOD, OHIO 44122, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF BEACHWOOD, POLICE DEPT. | ) | |
| c/o GARY HABA, CHIEF | ) | |
| 25325 Fairmount Blvd. | ) | |
| BEACHWOOD, OHIO 44122, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GARY HABA, CHIEF OF POLICE | ) | |
| 2700 Richmond Road | ) | |
| BEACHWOOD, OHIO 44122, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MERLE GORDON, SAFETY DIRECTOR | ) | |
| 25325 Fairmount Blvd. | ) | |
| BEACHWOOD, OHIO 44122, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JORDAN J. SPELMAN | ) | |
| 2700 Richmond Road | ) | |

BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
BLAKE G. ROGERS                                )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
JAMEY APPEL                                    )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
MICHAEL ANDERSON                               )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
RUSSELL E. BELL                                )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
JOHN DOE # 1                                   )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      and                                      )
                                               )
JOHN DOE # 2                                   )
2700 Richmond Road                             )
BEACHWOOD, OHIO 44122,                         )
                                               )
      DEFENDANTS.                               )

Now come Plaintiffs, James Kluchin and Michael Levin (collectively

"Plaintiffs"), and for their Complaint against the City of Beachwood, Safety Director

Merle Gordon, Police Chief Gary Haba and Officers Jordan J. Spelman, Blake G. Rogers,

Jamey Appel, Michael Anderson, Russel E. Bell, John Doe #1 and John Doe #2, state as follows:

## INTRODUCTION

The physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.  This action arises under federal law, specifically the Fourth Amendment to the United States Constitution, and is brought pursuant to 42 U.S.C. § 1983, for the violation of the rights of the Plaintiffs to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, without a warrant; as well as the right to substantive and procedural due process of law.  This action also arises under Sections 14 and 16, Article I of the Ohio Constitution, and Ohio statutory and common law.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), and 1343 (civil rights), and venue is properly set in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b).

2.      The causes of action alleged in this Complaint arise from factual allegations occurring in this judicial district and within the state of Ohio.  Supplemental jurisdiction over pendent state law claims is conferred upon this court by 28 U.S.C. § 1367(a).

3.      An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

4.      Plaintiff James Kluchin is currently a resident of the City of Cleveland Heights, State of Ohio.

5.      Plaintiff Michael Levin is currently a resident of the City of Cleveland Heights, State of Ohio.

6.      Defendant Jordan J. Spelman is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Spelman in Spelman's individual capacity.

7.      Defendant Blake G. Rogers is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Rogers in Rogers' individual capacity.

8.      Defendant Jamey Appel is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Appel in Appel's individual capacity.

9.      Defendant Michael Anderson is upon information and belief a supervisor employed by the City of Beachwood, Police Department. This action is against Officer Anderson in Anderson's individual capacity.

10.      Defendant Russell E. Bell is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Bell in Bell's official and individual capacity.

11.      Defendant John Doe # 1 is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Doe # 1 in his individual capacity.

12.     Defendant John Doe # 2 is upon information and belief a patrol officer employed by the City of Beachwood, Police Department. This action is against Officer Doe # 2 in his individual capacity.

13.     Defendant City of Beachwood is a municipal corporation organized and existing under the laws of the State of Ohio, Title 7 of the <u>Ohio Revised Code</u>.

14.     Defendant Merle Gordon is the Safety Director of the City of Beachwood. Pursuant to § 141.01 of the <u>Beachwood Codified Ordinances</u> ("BCO"), Mayor Gordon is, upon information and belief, a "policy maker" and "decision maker" for the City of Beachwood, Police Department.

15.     Defendant Gary Haba is the Chief of Police for the City of Beachwood. Pursuant to §§ 145.02 (appointment of personnel), 145.04 (chief of police, duties) and 145.05 (suspension of personnel) of the BCO, Chief Haba is, upon information and belief, a "policy maker" and "decision maker" for the City of Beachwood, Police Department.

### ALLEGATIONS OF LAW COMMON TO ALL CLAIMS

16.     Each and every act of Defendants was committed under color of state law.

17.     Defendants' actions have deprived Plaintiffs in the exercise of their rights and guarantees provided under the United States and Ohio Constitutions.

18.     The acts of Defendant police officers were taken pursuant to official legislative, executive or administrative ordinances, policies, directives or other acts of the City of Beachwood, its policy makers and decision makers, and of the Defendant officer in charge at the time of the Incident which is the subject matter of this Complaint, which

caused in whole or in part the deprivation of Plaintiffs' rights alleged herein.  All of their wrongful actions were taken in circumstances under which it would be clear to a reasonable officer that the conduct was unlawful in the situation the officer confronted.

19.     Upon information and belief, the acts of Defendant police officers alleged herein were taken under the supervision of Defendant Anderson, who was in a position of establishing authoritative and binding orders, policy and custom for the City which caused in whole or in part the deprivation of Plaintiffs' rights.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20.     At all times pertinent hereto, Plaintiff Michael Levin was the lessee of the premises located at 24015 East Groveland Road, Beachwood (the "Residence"), owned by a non-party to this litigation (the "Homeowner").

21.     At all times pertinent hereto, Plaintiff James Kluchin was Levin's guest at the Residence.

22.     The Homeowner's adult son (age 23 at the time of the Incident), was the "hang up" 911 caller (the "911 Caller") who precipitated the response by the Beachwood Police giving rise to this Complaint.

23.     The 911 Caller was not a tenant under the written lease between Levin and the Homeowner.  He did, however, possess a set of keys to the house and would appear at the Residence from time to time.   On the evening of the Incident, the 911 Caller was occupying a room in the rear of the first floor of the Residence at the sufferance of Plaintiff Levin.  Neither of the Plaintiffs had any knowledge of, bore any responsibility for or kept track of the 911 Caller's activities or comings and goings; nor did they interact with the young man on the occasions when he was at the Residence.

24.    On the evening of Thursday, August 24th, 2017, both Plaintiffs arrived home separately and were asleep in different upstairs bedrooms of the Residence by about 10:00 p.m.

25.    According to the Incident Report prepared after the incident[1], at or about 11:27 p.m., the young man "called 911 asking for help and then hung up."

26.    The 911 Caller used his cell phone and was located by GPS using the E911 system.  Police were not responding to the Residence; rather they were responding "to the area of 24015 E. Groveland. . . ."

27.    According to the Investigative Report, Defendants Spelman and Rogers "arrived in the area and [Spelman] was flagged down by a male who ran into the street. . . ."  According to the Summary Narrative, the 911 Caller "advised that he took a lot of drugs and needed medical attention":

> OFFICERS RESPONDED TO E. GROVELAND FOR A 911 CALL FOR HELP. UPON ARRIVAL OFFICERS WERE FLAGGED DOWN BY AN ADULT MALE WHO ADVISED THAT HE TOOK A LOT OF DRUGS AND NEEDED MEDICAL ATTENTION. THE SQUAD TRANSPORTED THE MALE TO THE HOSPITAL AND A WELFARE CHECK WAS COMPLETED ON THE MALE'S RESIDENCE WHERE OTHER INDIVIDUALS WERE FOUND TO BE OKAY.

28.    The Investigative Report states that the 911 Caller said he needed "medical" and "said he took 5 tabs of acid and smoked wee[d] and was having obvious issues."  Both the Incident Report narrative and the Investigative Report narrative were prepared by Defendant Spelman.  That narrative states in its entirety:

---

[1] Despite a FOIA request and further requests of Plaintiffs' counsel prior to filing suit, the only documents or things produced by the City were two documents constituting the the Incident Report, and a recording of a telephone complaint lodged by Plaintiff Levin with the Police Department the day after the incident. None of the information respecting Andrew Bruening's 911 "hang-up" call, the Police encounter with Bruening, the Emergency Squad Incident Report, or any other requested documents or things were produced.  Visitors to the City's Internet website seeking information under its heading "Public Records Policy" are met with a message stating, "We're sorry, but there is not a web page matching your entry."

| Investigative Report | Title / Subject: WELFARE CHECK | 17-034122 |
|---|---|---|

On 8/24/17, at approximately 2330 hrs., officers responded to the area of 24015 E. Groveland for the report of a male who called 911 asking for help and then hung up. Ptl. Rogers and I arrived in the area and I was flagged down by a male who ran into the street. The male was identified as Andrew Bruening who stated he needed "medical". Bruening said he took 5 tabs of acid and smoked week and was having obvious issues. I called a squad and waited until they arrived. While waiting, Bruening could not keep still or calm and kept asking for help. He said there were two people in the house (24015 E. Groveland) with him. Once Beachwood Squad 1049 arrived they transported Bruening to Hillcrest Hospital without incident. Ptl. Appell and Ptl. Rogers responded to the house where they found keys in the door and it was unsecure. They attempted to make contact with anyone in the house without success. They made entry and announcements without success for several minutes before one male finally called out to police. A male was later identified as James Kluchin. More announcements were made before a second male, later identified as Michael Levin called out to police. Both males were found to be residing there while Andrew Bruening's mother, Marilyn Bruening, was renting to them while living in Shaker Heights. No other parties were located in the home. Neither Kluchin nor Levin appeared or advised they needed medical attention. While checking the home initially for people, drugs and drug contraband were located on a table in plain view in a room at the back of the home. Kluchin and Levin said that this is where Andrew Bruening usually stays while at the home. The items were seized, photographed, and entered into an evidence locker. The items included: 2 glass pipes, 1 glass bong, metal grinder with 1.1g green leafy substance, brown wallet with yellow powder and "stamp" in foil inside.

We attempted to contact Marilyn Bruening (the homeowner) both before and after making entry, but were unable to reach her. Shaker Heights Police were sent to check an address in Shaker Hts., 19601 Van Aken Blvd. #57 for Marilyn Bruening. They made contact and she contacted me around 0030 hrs. I advised her of the nature of the call and asked her to contact us in the future for any assistance if needed.

29.     While all of this was transpiring somewhere on East Groveland Road, both Plaintiffs were in the Residence, upstairs and asleep.  The air conditioning was running and all of the windows and their bedroom doors were closed.  Neither Plaintiff was aware of the 911 Caller's presence in the Residence, the 911 call, his condition or the fact that he had been using drugs; nor was either of them awakened by events happening somewhere in the street.

30.     The Investigative Report states that after the 911 Caller ran into the street upon Spelman's arrival and related his condition, Spelman "called a squad" presumably the Beachwood Rescue Squad and, "[w]hile waiting, [the 911 Caller] could not keep still or calm and kept asking for help. He said there were two people in the house (24015 E. Groveland) with him."

31.     At no point in the narratives does it indicate that the 911 Caller – admittedly under the influence of multiple doses of LSD and marijuana and having

8

"obvious issues" – either directed officers to the Residence (let alone the address) or was asked for or consented to the entry of the curtilage and Residence – even were he capable of granting "consent" in his altered state.

32. Despite requests, the City has refused to produce any body or vehicle mounted video or other information regarding the 911 call, the 911 Caller, the activity taking place somewhere on East Groveland Road, the radio traffic involving the Incident, or any other documents or things pertinent to the Incident.

33. The front door of the Residence is at the top of a stone porch several steps above street level and there is a storm door which obscures the lockset of the front door from anyone other than an observer standing on the porch directly in front of the door. The front door is set back from the street by a distance of approximately fifty feet. That is, the lockset of the front door is not visible without gathering information in an area belonging to the Residence and immediately surrounding the Residence. The contours of Plaintiffs' Fourth Amendment rights, beginning with the entry onto the curtilage of the Residence, were sufficiently clear that a reasonable officer would have understood that what he was doing violated those rights.

34. Before the police entered the curtilage of the Residence, the only facts which can be gleaned or presumed from Defendant Spelman's narratives are as follows:

a. The 911 hang-up call had been fully resolved, the "scene" was secure and the adult 911 Caller was in custody;

b. The 911 Caller himself is rather slightly built, did not need to be restrained (though he may or may not have been handcuffed), was not carrying any weapons, was

not behaving violently and apparently posed no immediate threat to the officers or anybody else;

c.     There was quiet in this low-crime residential area and no activity within the Residence, and both Plaintiffs were asleep and unaware of any activity downstairs or outdoors;

d.     The front door of the Residence was closed and likewise the storm door and the front door itself was not visible from the sidewalk let alone without climbing the steps on the front porch;

e.     The back room of the Residence where drugs and paraphernalia belonging to the 911 Caller were later allegedly found was not visible from the outdoors and thus the items were not in plain view from outside the Residence or anywhere else but for the illegal search of the Residence;

f.     Beyond the 911 Caller's alleged statement that there were "two people in the house" there was no assertion that Plaintiffs had done anything let alone that they were involved in using drugs, were suspected of any crime, posed any danger to the officers, or to the public at large, or were armed or dangerous;

g.     There was likewise no corroborative information or particularized evidence sufficient to justify taking immediate and warrantless action either owing to "exigent circumstances" or to some inchoate fear that someone within the Residence was in immediate need of emergency medical assistance;

h.     According to the Incident Report, the 911 Caller stated only that he himself "needed medical" and acknowledged being heavily under the influence of LSD, a powerful hallucinogen, and marijuana;

i.      The 911 Caller was not charged with any offense as a result of the Incident and the evidence allegedly found in the Residence was itself destroyed;

j.      Prior to the evening of the Incident, one of the five named Officer Defendants had personally spoken with Levin only days before the Incident and was aware he was living in Beachwood.  The same Officer apparently recognized Levin upon first seeing him, yet both Plaintiffs were still placed and held under *de facto* arrest; and

k.      According to the Investigative Report, the rescue squad and first responders *had already left the scene* when the Officer Defendants decided to enter the Residence.  Neither of two recognized justifications for entering the Residence were satisfied.  Officers neither (1) had reason to enter the Residence to protect the first responders, who had left; nor apparently (2) any actual fear that someone within the Residence was injured or otherwise in need of immediate medical assistance.

34.     Likewise, Defendants lacked any facts that the Homeowner, whom they presumably believed was living there, was in need of immediate medical assistance when they entered the Residence.  Without disclosing how this was learned, the Investigative Report claims, "We attempted to contact. . . (the homeowner) *both before* and after making entry, but were unable to reach her."

35.     At some point, the Supervisor, Defendant Anderson, or one of the remaining Officer Defendants made the decision to enter the curtilage of the property; enter through the unlocked front door, and search the Residence.

36.     According to the Investigative Report, Defendants Appel and Rogers, accompanied by the remaining three Officer Defendants, approached the Residence and entered through the front door which was closed behind the secured storm door.

According to the narratives, the keys remained in the bolt and the door was allegedly "unsecure."

37.     Thought the Incident Report is unclear, Defendants Appel and Rogers apparently first entered the Residence in the minutes *before* the 911 Caller was transported from the scene and conducted a "sweep" of the downstairs ostensibly looking for persons who might somehow pose a threat; whereupon the Incident Report states that the later destroyed contraband was discovered in "plain view" in the back room where the 911 Caller was staying.  The room is located at the back of the house and is not visible from the front entrance where the Officers allegedly unsuccessfully called out to see if anybody was at home at the same time they were fanning out in the downstairs area looking for others.

38.     Thereafter, Plaintiffs suspect and therefore aver, the Officer Defendants realized that they lacked even articulable facts justifying the warrantless entry of the Residence solely to search for contraband incident to an arrest that took place somewhere in the street, off the curtilage of the premises and nowhere near the front door.  They later re-entered the Residence under yet another pretext, the "community safety exception" to the Fourth Amendment, where they again "discovered" the drugs and paraphernalia – along with Plaintiffs asleep in upstairs bedrooms.

39.     The Fourth Amendment draws a bright line at the entrance to a private residence which was obliterated by the warrantless search and the *de facto* arrest and detention of Plaintiffs.  Any reasonable officer in Officer Defendants' position would have clearly understood the affirmative duty *to refrain from* entering the Residence either

based upon generally recognized "exigent circumstances" or alleged fear for Plaintiffs'
"welfare".

42. Plaintiff Kluchin, asleep in an upstairs bedroom, awakened to several
officers screaming, "Where's the drugs?" and "Who else is in the house?" before being
ordered downstairs by the officers.

41. Contrary to the Incident Report, Levin alleges that he did not suddenly
appear out of nowhere several minutes after Kluchin was ordered downstairs; he was
startled awake by yelling and screaming, and was met with a blinding high-intensity
tactical flashlight shone in his eyes as he too was roughly ordered to be on his feet and
move downstairs.

42. Both men were then detained against their will and without cause until
Shaker Heights Police were later able to "verify" Plaintiffs' "right" to possession with the
Homeowner.  Though Plaintiffs were innocent of any wrongdoing, both properly
identified themselves even though they were no obligation to do so; but were nonetheless
detained for an unreasonable amount of time with police cruisers parked in front of the
Residence and under circumstances where they were clearly not free to go.

FIRST CLAIM FOR RELIEF – VIOLATION OF THE FOURTH AMENDMENT
(UNREASONABLE SEARCH OF THE RESIDENCE)

43. Plaintiffs incorporate by reference all prior statements and allegations of
the Complaint as if expressly rewritten herein.

44. All of the Officer Defendants unlawfully broke and entered the Residence
without a warrant and without consent or under any "exigent circumstances" or
"community safety exception" justifying their otherwise unlawful conduct.

13

45.     The Officer Defendants' actions in entering the Residence and all of their conduct thereafter including without limitation the *de facto* arrest and detention of Plaintiffs against their will by force or show of authority, long after there was *any* reason to believe either Plaintiff was in need of assistance violated Plaintiffs' rights to be free from unreasonable searches and seizures without a warrant granted by a neutral magistrate describing with particularity the places to be searched and the items or people to be seized.

46.     The Officer Defendants' actions were without any qualified privilege or immunity as the violations of Plaintiffs' rights under the Fourth Amendment were clearly established and apparent to a reasonable person in the place of the Officer Defendants.

47.     All of this violated Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, for which damages are presumed.

48.     As a direct and proximate result of the Officer Defendants' actions, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this First Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

14

SECOND CLAIM FOR RELIEF – VIOLATION OF THE FOURTH AMENDMENT
(RIGHT TO PRIVACY)

49.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

50.     All of the Officer Defendants unlawfully broke and entered the Residence without a warrant and without consent or under any "exigent circumstances" or "community safety exception" justifying their otherwise unlawful conduct.

51.     The Officer Defendants' actions in entering the Residence and all of their conduct thereafter violated Plaintiffs' honest and reasonable expectations of privacy, hence also their right to privacy as guaranteed by the Fourth Amendment.

52      The Officer Defendants' actions were without any qualified privilege or immunity as the violations of Plaintiffs' rights under the Fourth Amendment were clearly established and apparent to a reasonable person in the Officer Defendants' position.

53.     All of this violated Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, for which damages are presumed.

54.     As a direct and proximate result of the Officer Defendants' actions, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Second Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as

otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

THIRD CLAIM FOR RELIEF – CONTINUING VIOLATION OF THE FOURTH AMENDMENT (UNREASONABLE DETENTION - SEIZURE OF THE PERSON)

55.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

56.     The Officer Defendants unlawfully broke and entered the Residence without a warrant and without consent or any "exigent circumstances" or "community safety exception" justifying their otherwise unlawful conduct.

57.     The Officer Defendants unlawfully entered the Residence and placed both Plaintiffs under *de facto* arrest in violation of Plaintiffs' right to be free from unreasonable search and seizure under the Fourth Amendment.  Plaintiffs' detention and *de facto* arrest continued against their will by force or show of authority, and long beyond any reasonable amount of time necessary to establish whether or not Plaintiffs were "in need of immediate assistance".  Such continued detention constituted a further, continuing violation of the Fourth Amendment.

58.     The Officer Defendants' actions were without any qualified privilege or immunity as the violations of Plaintiffs' rights under the Fourth Amendment were clearly established and apparent to a reasonable person in the place of the Officer Defendants.

59.     All of this violated Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment, for which damages are presumed.

60.     As a direct and proximate result of the Officer Defendants' actions, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages,

16

including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Third Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

### FOURTH CLAIM FOR RELIEF – VIOLATION OF SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION

61.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

62.     All of the foregoing conduct as alleged herein also violated Plaintiffs' right to privacy and the right to be free from unreasonable search and seizure under Section 14, Article I of the Ohio Constitution, for which damages are presumed.

63.     As a direct and proximate result of the Officer Defendants' actions, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Fourth Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and Ohio law,

17

and as otherwise recoverable, costs and such other and further relief as this Honorable

Court deems just and proper under the circumstances.

### FIFTH CLAIM FOR RELIEF – SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 (OFFICIAL POLICIES AND PROCEDURES)

64.     Plaintiffs incorporate by reference all prior statements and allegations of

the Complaint as if expressly rewritten herein.

65.     Defendant City of Beachwood is a municipal corporation under Ohio law,

capable of being sued under 42 U.S.C. § 1983 for damages and injunctive relief.

Defendants Safety Director Merle Gordon and Police Chief Gary Haba are the policy

makers and the decision makers with respect to the training and activities of the Officer

Defendants.

66.     The Officer Defendants unlawfully entered the Residence without a

warrant and without consent or any "exigent circumstances" or "community safety

exception" justifying their otherwise unlawful conduct.  All of their conduct thereafter

constituted further and continuing violations of Plaintiffs' clearly established

constitutional rights, as alleged herein.

67.     The Officer Defendants' actions were without any qualified privilege or

immunity as the violations of Plaintiffs' rights under the Fourth Amendment were clearly

established and apparent to a reasonable person in the place of the Officer Defendants.

68.     Defendants City of Beachwood, Merle Gordon, and Gary Haba were

responsible for the implementation and execution of written policies, procedures and/or

guidelines concerning warrants, probable cause, the Fourth Amendment, the rights of

privacy and the right to be secure in one's person, property and papers, and the

appropriate actions to be taken in the event of the need to enter a private residence to conduct a search.

69.     Defendants City of Beachwood, Merle Gordon, and Gary Haba were responsible for the implementation and execution of written policies, procedures and/or guidelines concerning both "sweeps" incident to a lawful arrest outside of a home, and the "community safety exception" to the warrant requirement.

70.     Defendants City of Beachwood, Merle Gordon, and Gary Haba were responsible for the implementation and execution of written policies, procedures and/or guidelines concerning "E911" calls in general, E911 "hang-up" calls, intoxicated subjects, and the clearly defined and limited circumstances under which officers may dispense with a warrant and initiate even a "knock and talk" let alone an unannounced entry through a closed front door to conduct a "sweep" of a residence.

71.     Defendants City of Beachwood, Merle Gordon, and Gary Haba had actual and/or constructive knowledge, before, at the time of, and after the Incident, of the need for more or different training, rules, regulations, investigation and discipline relating to warrantless searches and seizures and "exceptions" to warrant requirements, and were deliberately indifferent to that need.

72.     Defendants City of Beachwood, Merle Gordon, and Gary Haba were aware that the Officer Defendants actively concealed the violation of Plaintiffs' rights in the preparation of the ambiguous Incident Report and by refusing to produce documents and things pursuant to a FOIA request and the further requests of Plaintiffs' counsel. Only the Incident Report and a recording of a complaint lodged by Plaintiff Levin were ultimately produced and nothing else. All of the foregoing is routine, and is so deeply

19

ingrained in the Defendants so as to constitute the actual customs, practices and policies of the City of Beachwood.

73.     As a direct and proximate result of the actions of the City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against Defendants City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, on this Fifth Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

SIXTH CLAIM FOR RELIEF – SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983
(CUSTOM AND PRACTICE - CODE OF SILENCE)

74.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

75.     The Officer Defendants unlawfully entered the Residence without a warrant and without consent or any "exigent circumstances" or "community safety exception" justifying their otherwise unlawful conduct.  All of their conduct thereafter constituted further and continuing violations of Plaintiffs' clearly established constitutional rights, as alleged herein.  The Incident Report seeks to justify all of the

foregoing conduct in the guise of a "welfare check" conducted pursuant to the "community safety exception" to the Fourth Amendment warrant requirement.  This concealment in turn is part of a non-written or formally adopted "code of silence" so deeply ingrained in the City, the Safety Director and the Police Chief so as to constitute the actual customs, practices and policies of the City of Beachwood.

76.    The foregoing customs, practices and policies of the City of Beachwood have caused personnel to believe that they can violate the rights of citizens with little fear of discipline if not with impunity – knowing that their fellows and the City would conceal such conduct.

77.    These systemic deficiencies include without limitation preparation of investigative reports designed to obscure or vindicate misconduct, the failure to report misconduct by those in a position to observe, uncritical reliance on the word of narratives which on their face should raise serious concerns of misconduct, the omission of information and evidence, misstatements or misleading statements of fact, and the failure to identify potential violations and to remedy them.

78.    As a direct and proximate result of the actions of the City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against Defendants City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, on this Sixth

Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## SEVENTH CLAIM FOR RELIEF – SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 (FAILURE TO TRAIN AND DISCIPLINE AND FAILURE TO ADEQUATELY REMEDY VIOLATIONS)

79.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

80.     The Officer Defendants unlawfully entered the Residence without a warrant and without consent or any "exigent circumstances" or "community safety exception" justifying their otherwise unlawful conduct.  All of their conduct thereafter constituted further and continuing violations of Plaintiffs' clearly established constitutional rights, as alleged herein.

81.     Defendants the City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba had actual and/or constructive knowledge, before, at the time of, and after this Incident, of the need for more or different training, rules, regulations, investigation and discipline relating to warrantless searches and seizures and "exceptions" to warrant requirements, and were deliberately indifferent to that need.

82.     None of the Officer Defendants understood the appropriate procedures for a residence search incident to a lawful arrest where no "exigent circumstances" or "safety exception" justified a warrantless entry and search of a home.

83.     This failure was a direct and proximate result of the actions of Defendants City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba.  These

Defendants failed to assure a proper understanding and appropriate response to a situation of this sort and their actions and failures to act in such cases are constitutionally inadequate.

84.     As a direct and proximate result of the actions of the City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against Defendants City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba on this Seventh Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

EIGHTH CLAIM FOR RELIEF – COMMON LAW TRESPASS

85.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

86.     This Court has supplemental jurisdiction over pendent state law claims which is conferred upon this court by 28 U.S.C. § 1367(a).

87.     All of the Officer Defendants unlawfully and without privilege to do so, knowingly and recklessly entered and remained on the land and the Residence of the tenant in possession, Michael Levin.

88.     The Officer Defendants' actions were willful, knowing, reckless, and without any qualified privilege or immunity, as the violations of Plaintiffs' clearly established rights under the Fourth Amendment and Section 14 Article I of the Ohio Constitution were or should have been apparent to a reasonable person in the Officer Defendants' position.

89.     The Officer Defendants' failure to obtain a warrant before entering and searching the Residence also violated the warrant requirement for the search of a "house or place" pursuant to Ohio Revised Code §§ 2933.21 *et. seq.*

90.     As a direct and proximate result of the actions of the Officer Defendants, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the community and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Eighth Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

NINTH CLAIM FOR RELIEF – FALSE IMPRISONMENT

91.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

92.     This Court has supplemental jurisdiction over pendent state law claims which is conferred upon this court by 28 U.S.C. § 1367(a).

93.     The Officer Defendants intentionally and against Plaintiffs' will detained them unlawfully and without privilege, and without probable cause to justify an arrest.

94.     Defendants' actions were without any qualified privilege or immunity.

95.     As a direct and proximate result of the actions of the Defendants, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the community and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Ninth Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

### TENTH CLAIM FOR RELIEF – OFFICER DEFENDANTS' AND SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 (DENIAL OF SUBSTANTIVE DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS)

96.     Plaintiffs incorporate by reference all prior statements and allegations of the Complaint as if expressly rewritten herein.

97.     The Officer Defendants unlawfully entered the Residence without a warrant and without consent or any "exigent circumstances" or "community safety exception" justifying their otherwise unlawful conduct.

98.     The Officer Defendants unlawfully entered the Residence in violation of Plaintiffs' right to be free from unreasonable search and seizure under the Fourth

Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution as alleged herein.

99.     Because the violation of Plaintiffs' civil rights was clear, the failure to obtain a search warrant before the unlawful residence search, the *de facto* arrest and detention of Plaintiffs further constitutes a violation of both Plaintiffs' rights to substantive and procedural due process under the Fifth Amendment, as well as Section 16, Article I of the Ohio Constitution.

100.    As a direct and proximate result of the actions of the Officer Defendants, and of Defendants City of Beachwood, Safety Director Merle Gordon and Police Chief Gary Haba, Plaintiffs have sustained great personal injury and emotional harm, injury to reputation in the neighborhood, the Jewish community and the community at large and other damages, including, without limitation, post-traumatic stress syndrome, for which they have incurred and will continue to incur substantial medical expenses, and damages into the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Tenth Claim for Relief in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise recoverable, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully Submitted,

/s John A. Huettner
John A. Huettner
Ohio S.Ct. No. 0039479
19425 Van Aken Blvd., Suite 314
Shaker Heights, Ohio 44122

26

(216) 832-8103
jahpdq@aol.com

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues presented herein so triable before the maximum number of jurors permitted by law.

<u>s John A. Huettner</u>